UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA CUMBERLAND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9685** |
| **DARREL VANNOY, WARDEN** | **SECTION: "A"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.   Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).   For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Joshua Cumberland, is an inmate currently confined at the Louisiana State Penitentiary.   On February 24, 2010, he was charged with aggravated rape of his stepdaughters, W.D. and R.C. (counts one and two), who were under the age of 13, and sexual battery of each girl, respectively (counts three and four).[1]   A jury found him guilty as charged on counts one and three, guilty of the responsive verdict of molestation of a juvenile

---

[1] State Rec., Vol. 1 of 13, R.p. 163, Grand Jury Indictment (Amended), Parish of St. Tammany.

on count two, and not guilty on count four.[2]   On April 9, 2013, his motions for post-verdict judgment of acquittal and for new trial were denied.   He was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence on count one, 10 years' imprisonment on count two, and 40 years' imprisonment on count three with 25 years to be served without benefit of parole, to run concurrently.[3]   On April 25, 2013, his motion for reconsideration of the sentences was denied.[4]

On direct appeal, Cumberland raised the following assignments of error:   (1) the evidence was insufficient to support the convictions; (2) the trial court improperly limited the defense's cross-examination of a witness; (3) the trial court erred in allowing a witness to testify;[5]   (4) that improper limitation denied him the right to present a defense; and (5) the sentence of life imprisonment was excessive.   On June 25, 2014, the Louisiana First Circuit Court of Appeal affirmed his convictions and sentences.[6]   On March 6, 2015, the Louisiana Supreme Court denied his application for writ of certiorari.[7]

---

[2] State Rec., Vol. 1 of 13, Minute Entry, 2/1/13; *see also* State Rec., Vol. 2 of 13, Jury Verdict Forms.

[3] State Rec., Vol. 1 of 13, Minute Entry, 4/9/13.

[4] State Rec., Vol. 2 of 13, R.pp. 492-95, Motion for Reconsideration of Sentences filed April 22, 2013 and Order denying signed April 25, 2013.

[5] The appellate court considered this assignment abandoned for failure to brief the error.   *State v. Cumberland*, 2013-KA-1847, 2014 WL 3843854, at *1 n. 3 (La. App. 1st Cir. June 25, 2014).

[6] State Rec., Vol. 9 of 13, *State v. Cumberland*, 2013-KA-1847, 2014 WL 3843854 (La. App. 1st Cir. June 25, 2014).

[7] State Rec., Vol. 10 of 13, *State v. Cumberland*, 2014-KO-1583 (La. 2015), 161 So.3d

On May 26, 2016, counsel filed an application for post-conviction relief with the state district court on Cumberland's behalf.[8] He asserted claims of ineffective assistance of trial and appellate counsel and prosecutorial misconduct. The district court ordered the State to file a response to the application. On June 20, 2016, the State filed a motion for order regarding waiver of attorney-client privilege and a request to stay the trial court's order requiring the State to answer until the motion could be resolved. The district court granted the stay and issued an order for Cumberland to show cause on July 18, 2016, why the State's motion should not be granted. Cumberland filed a notice of intent to seek supervisory review by the court of appeal with respect to the district court's order allowing the State to engage in "pre-answer discovery" on post-conviction review rather than simply granting Cumberland an evidentiary hearing in conjunction with his post-conviction application. The district court stayed all proceedings and execution of orders pending the resolution of Cumberland's writ application and allowed him until August 27, 2016 to seek writs. Cumberland filed his related writ application with the Louisiana First Circuit on August 25,

---

13.

[8] State Rec., Vol. 11 of 13, Application for Post-Conviction Relief. Federal habeas courts typically apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). However, the rule does not apply to the state post-conviction applications filed by retained counsel on Cumberland's behalf. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings (benefit of the "mailbox rule" extends only to inmates who use a prison's internal mailing system); *Cousin v. Lensing*, 310 F.3d 843, 847 and n. 2 (5th Cir. 2002) (prisoners represented by an attorney are not entitled to the benefit of mailbox rule).

3

2016.[9] On December 1, 2016, the Louisiana First Circuit Court of Appeal denied writs on the showing made because he failed to attach all relevant documentation. The court of appeal noted that any new application must be filed by Cumberland on or before January 3, 2017.[10] It appears that nothing further was filed with the appellate courts.

On March 27, 2017, Cumberland filed a motion with the state district court seeking to supplement his application for post-conviction relief with affidavits.[11] On April 25, 2017, the district court issued an order requiring the State to file an answer or responsive pleading within 20 days since there were no other matters pending concerning the prior writ proceedings. On June 5, 2017, the State filed a response. On July 11, 2017, the trial court denied the application for post-conviction relief.[12] On July 24, 2017, counsel for Cumberland filed a notice of intent to seek writs from the ruling and for an extended return date of September 11, 2017, to file his application with the court of appeal. He subsequently filed his related writ application with the Louisiana First Circuit.[13] On

---

[9] State Rec., Vol. 12 of 13, Louisiana First Circuit Application for Supervisory Writs No. 2016-KW-1142.

[10] State Rec., Vol. 11 of 13, *State v. Cumberland*, 2016-KW-1142 (La. App. 1st Cir. Dec. 1, 2016).

[11] State Rec., Vol. 11 of 12, R.p. 2258, Motion for Leave to Supplement Application for Post-Conviction Relief.

[12] State Rec., Vol. 11 of 13, R.p. 2265, Judgment, 7/11/17.

[13] State Rec., Vol. 12 of 13, First Circuit Application for Supervisory Writs No. 2017-KW-1270.

4

October 27, 2017, the Louisiana First Circuit denied the writ application.[14] Almost eight months later, on June 20, 2018, Cumberland filed his supervisory writ application with the Louisiana Supreme Court.[15] In that application, he explained that his counsel of record was notified of the intermediate writ decision and forwarded a copy of the ruling to the prison, but he never received the notice. He included an affidavit from his counsel and a printout of the legal mail received by the prison that did not reflect any such notice. He explained in his own affidavit that he learned about the omission and denial in May 2018 after he wrote counsel a letter in April 2018 to obtain a status update. On September 21, 2018, the Louisiana Supreme Court refused to consider the writ application because it was not timely filed pursuant to La. S.Ct. R. X, § 5.[16]

On October 18, 2018, he filed the instant federal application for habeas corpus relief.[17] In that application, he reasserts his claims that the State failed to introduce sufficient evidence to support his convictions, ineffective assistance of trial and appellate counsel, and

---

[14] State Rec., Vol. 12 of 13, *State v. Cumberland*, 2017-KW-1270, 2017 WL 4898196 (La. App. 1st Cir. Oct. 27, 2017).

[15] State Rec., Vol. 13 of 13, Louisiana Supreme Court Writ Application No. 2018-KH-1073. As Cumberland filed this writ application pro se, he does receive the benefit of the "mailbox rule." The application was delivered to prison officials for mailing on June 20, 2018.

[16] State Rec., Vol. 13 of 13, *State v. Cumberland*, 2018-KH-1073 (La. 2018), 252 So.3d 495.

[17] Rec. Doc. 3, 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, p. 76. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir. 2003).

prosecutorial misconduct.    The State argues that the application should be dismissed as untimely.[18]    Cumberland filed a traverse.[19]

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because he filed his habeas petition after the AEDPA's effective date.    *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).    Title 28 U.S.C. § 2244(d) provides:

> (1)    A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Typically, a petitioner must bring his Section 2254 claims within one year of the date on which his underlying criminal judgment becomes "final."    With regard to finality, the

---

[18]  Rec. Doc. 12.

[19]  Rec. Doc. 13.

United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

Cumberland's state criminal judgment of conviction became final for AEDPA purposes on June 4, 2015, ninety (90) days after the Louisiana Supreme Court denied his application for writ of certiorari and the time expired for seeking review with the United States Supreme Court. Under a plain reading of the statute, the AEDPA one-year limitations period commenced on that date and expired on June 4, 2016. Therefore, Cumberland's federal petition, filed in this Court on October 18, 2018, is untimely unless the deadline was extended through either statutory or equitable tolling.

Regarding the statute of limitations, the AEDPA expressly provides that "[t]he time

7

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). To be considered "properly filed" for purposes of Section 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings, such as time limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)); *see also Williams v. Cain*, 217 F.3d 303, 306-308 & n. 4 (5th Cir. 2000). A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.' " *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). However, as the United States Supreme Court has expressly held, when a state post-conviction filing is rejected by the state court as untimely, it cannot be considered "properly filed" within the meaning of § 2244(d)(2). *Pace*, 544 U.S. at 410. The United States Supreme Court made it abundantly clear that "[w]hen a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414 (quoting *Carey*, 536 U.S. at 226).

After allowing 356 days of the 365-day-period to run, counsel for Cumberland filed his post-conviction application with the state district court, on May 26, 2016. The State concedes that his application remained "pending" and the federal limitations period remained tolled until November 27, 2017,[20] when he failed to proceed timely within 30 days

---

[20] The State notes that the 30 day-period expired on Sunday, November 26, and he therefore had until Monday, November 27, 2017, to file his writ application with the Louisiana Supreme Court. Rec. Doc. 12, p. 10 n. 6.

8

of the October 27, 2017 intermediate writ denial to the next step, and his time for properly filing his supervisory writ application with the Louisiana Supreme Court expired (Louisiana Supreme Court Rule X, § 5).    Although he eventually filed his writ application in June 2018, the Louisiana Supreme Court rejected his supervisory writ application as untimely-filed and refused to consider it.    Contrary to Cumberland's argument, he was not entitled at this point to another ninety (90) days of tolling for filing a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *Lawrence v. Florida*, 549 U.S. 327, 331 (2007); *Ott v. Johnson*, 192 F.3d 510, 512-13 (5th Cir. 1999).    Furthermore, the filing of an untimely writ application before the Louisiana Supreme Court does not toll the limitations period because it is not considered as "properly filed" in that Court.    See *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (considering that no exceptions are contemplated by Louisiana Supreme Court Rule X § 5(a), the requisite compliance with the time requirement must occur for a prisoner's application for post-conviction relief to be considered "properly filed" and "pending" under section 2244(d)(2)); *see also Jenkins v. Cooper*, Civ. Action No. 07-0216, 2009 WL 1870874, *5 (E.D. La. June 26, 2009) (holding that a petitioner does not benefit from any statutory tolling for an untimely writ application filed in the Louisiana Supreme Court because "[a] writ application which fails to comply with La. S.Ct. Rule X 5(a) is not properly filed because it is untimely, and it is not pending post-conviction review for purposes of the ... statute of limitations and tolling doctrines").    Thus, giving no statutory tolling credit to the untimely-filed Louisiana Supreme Court writ application, the federal limitations period continued to run

uninterrupted and expired nine days later, on December 6, 2018.

However, the State further accepts Cumberland's argument that equitable tolling applies to the time-period between November 27, 2017 and June 20, 2018, the date on which he filed the "untimely" supervisory writ application with the Louisiana Supreme Court, due to the lost piece of mail notifying him about his Louisiana First Circuit writ denial.[21]   Thus, under this scenario, tolling would extend until the Louisiana Supreme Court denied his writ application on September 21, 2018.   However, as the State correctly contends, the instant federal petition is still untimely, because he did not file it within the nine (9) days left in the one-year limitations period, which expired on Sunday, September 30, 2018, giving him until Monday, October 1, 2018 to file his federal petition.   He provided the petition to prison officials for filing on October 18, 2018.   *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) (missing the AEDPA deadline by even a few days nevertheless renders a federal petition untimely).[22]

In his traverse, Cumberland suggests that he worked diligently on his federal

---

[21]  Rec. Doc. 12, p. 10.

[22]  As the United States Fifth Circuit Court of Appeals explained:

At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

*Lookingbill*, 293 F.3d at 264–65 (footnote omitted).

10

application once he received the Louisiana Supreme Court ruling on September 26, 2018, but that he had to "retype his writ, make his copies and mail his federal habeas petition (pro se)." Neither his proceeding pro se nor the effort associated with the task amount to extraordinary circumstances such that would prevent his timely filing—a factor he must show to justify equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance [warranting equitable tolling] because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."). Even if he mistakenly believed he had more time on the clock to file his federal application, his misguided application or knowledge of the law would not justify equitable tolling. *United States v. Wheaten*, 826 F.3d 843, 853 (5th Cir. 2016); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002). The record discloses no basis on which this Court could find that equitable tolling is warranted under the circumstances.[23]

---

[23] In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass… [to excuse] the expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]" *Id*. To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence… that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Cumberland has not made a colorable showing that he is actually innocent in light of "new evidence."

11

In sum, the instant petition was filed beyond the one-year federal limitations period. Cumberland has not established any credible basis for statutory or equitable tolling that would make the instant petition timely. Therefore, his federal habeas corpus petition should be dismissed with prejudice as untimely.

## RECOMMENDATION

**IT IS RECOMMENDED** that Cumberland's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[24]

New Orleans, Louisiana, this  25th  day of  April , 2019.

MICHAEL B. NORTH
**UNITED STATES MAGISTRATE JUDGE**

---

[24] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.